UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES G.,[1]

                    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,[2]

                    Defendant.
_____

**DECISION AND ORDER**

1:17-cv-01302-JJM

        Before the court is plaintiff's motion [22][3] for attorneys' fees in the amount of $18,093.00 pursuant to 42 U.S.C. §406(b). Defendant filed a response on November 25, 2020 [26], and raised no objections to plaintiff's fee request. For the reasons discussed below, the plaintiff's motion is granted.

**BACKGROUND**

        Plaintiff commenced this action on December 14, 2017, arguing that the Commissioner's denial of his claim for benefits was not supported by substantial evidence and was contrary to law. Complaint [1]. On September 14, 2018, plaintiff moved for judgment on the pleadings [11]. On June 18, 2019, I granted plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings consistent with my Decision and Order [16]. On October 10, 2019, the court approved [21] the parties' stipulation [20] for

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. ("Rule") 25(d).

[3]     Bracketed references are to CM/ECF docket entries.

attorneys' fees in the amount of $6,000.05 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

On August 18, 2020, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled since January 1, 2010 and approving plaintiff's claim for Supplemental Security Income ("SSI") benefits. *See* Notice of Decision [22-4]. The fee arrangement between plaintiff and his attorneys is governed by their Fee Agreement. *See* [22-6]. Pursuant to the Fee Agreement, "the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim". [22-6].

The Social Security Administration ("SSA") issued a Notice of Award letter concerning plaintiff's claim for SSI on September 24, 2020. [22-5]. The SSA withheld from the past-due benefits owed to plaintiff potential attorneys' fees in the total amount of $18,093.25. Commissioner's Response [26], p. 3. Plaintiff's attorney requests an award of attorney fees in the amount of $18,093.00. *See* Notice of Motion [22] and Memorandum in Support [22-1], pp. 2, 6, 9. Plaintiff's attorney agrees, upon receipt of payment of the fee, to refund to plaintiff the $6,000.05 received in fees pursuant to the Equal Access to Justice Act ("EAJA"). *See* Notice of Motion [22]; Memorandum in Support [22-1], p. 6.

The Commissioner challenges neither the timeliness of plaintiff's motion, nor the amount of the fees requested. *See* Commissioner's Response [26], pp. 1-4.

## ANALYSIS

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge SSI claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

>of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§406(b)(1)(A).  In reviewing a motion for attorneys' fees pursuant to §406(b), this court reviews both the timeliness of the motion and the reasonableness of the fee.  *See, e.g.*, Barone v. Saul, 2019 WL 3296616 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social Security, 2019 WL 6242549 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966 (W.D.N.Y. 2020); Plum v. Commissioner of Social Security, 2020 WL 1846785 (W.D.N.Y. 2020).  I address each here in turn.

**A.     Did Plaintiff Timely File His Motion for Fees?**

The Second Circuit settled the question of the timeliness of an application for §406(b) fees in Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019).  There, the Second Circuit found that the 14-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is subject to equitable tolling "until a benefits calculation is made on remand and notice thereof received by the parties." Id. at 89. Accordingly, motions for benefits made within 14 days of receipt of a Notice of Award for benefits are timely.

Here, plaintiff's counsel filed their motion for fees on October 6, 2020 (*see* Notice of Motion [22]), only twelve days after the SSA issued its September 24, 2020 Notice of Award (*see* Notice of Award [22-5]).  Accordingly, plaintiff's counsel timely filed their motion pursuant to Sinkler.

**B.      Is Plaintiff's Fee Request Reasonable?**

Here, the Fee Agreement between plaintiff and his attorneys provides for an attorneys' fee of "1/4 (25 percent) of the past due benefits resulting from my claim". Fee Agreement [22-6]. The 25 percent fee is within the cap provided by §406(b). Further, the Commissioner does not object to the amount of fees that plaintiff requests. *See* Commissioner's Response [26], pp. 2-4.

That is not the end of the inquiry, however. Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider. First, courts may consider "the character of the representation and the results the representative achieved." Id. Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case. Id. Third, the court's review of an attorneys' records of time spent on the matter may assist the court to determine whether the requested fee is a windfall to the attorney. Id. In addition, the Second Circuit states that courts in this district should also consider "whether there has been fraud or overreaching in making the agreement". Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Here, plaintiff received competent and experienced representation. Plaintiff's attorney, Timothy Hiller, has been practicing law since 2011. Hiller Declaration [22-2], ¶ 3. Mr. Hiller has handled over 400 social security matters in federal district court and others at the

administrative and appellate levels.  Hiller Declaration [22-2], ¶ 4.  Mr. Hiller's work on this matter yielded an award of past due benefits of $72,373.00.  *See* Hiller Declaration [22-2], ¶ 10.

Second, there was no delay in resolution of this matter attributable to plaintiff's attorneys.  This court granted plaintiff's attorney's motion to extend his time to file plaintiff's motion on the pleadings.  However, this resulted in only four additional days greater than the 60 days provided by Local Rule 5.5(d)(1) to file plaintiff's motion.  *See* Motion for Extension of Time [9].  Moreover, plaintiff's attorneys submitted this application for fees within two weeks of the date of the SSA's Notice of Award.

Third, compared to the number of hours spent working on this matter, the fee requested by plaintiff's attorney is not a windfall.  Time records submitted with the motion indicate a total of 30.3 hours of attorney time was spent on plaintiff's matter.  *See* Hiller Declaration [22-2], ¶ 3; *see also* Memorandum in Support [22-1], p. 6.  The total fee requested results in an effective hourly rate of $597.13.[4]  Memorandum in Support [22-1], p. 6.  This hourly rate is higher than Mr. Hiller's $350 hourly rate charged for other matters.  Hiller Declaration [22-2], ¶ 15.  However, this does not make the requested fee unreasonable. "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."  Wells, 907 F.2d at 370-71.

Moreover, the effective hourly rate here is well within the range of *de facto* hourly rates resulting from similar social security contingent fee requests recently approved by courts in this district.  *See e.g.* Dillon, 2020 WL 360966 at *3 (finding a *de facto* hourly rate of

---

[4]     The effective hourly rate was calculated by dividing the requested fee ($18,093.00) ([22]) by the total number of hours (30.3) documented in plaintiff's fee application ([22-2]).

$697.20 "does not appear so large as to be a windfall to the attorney"); Plum, 2020 WL 1846785 at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall);  Perry v. Commissioner of Social Security, 2020 WL 360979, *5 (W.D.N.Y. 2020) (finding reasonable an effective hourly rate of $740.02).

## CONCLUSION

For these reasons, plaintiff's motion for fees in the amount of $18,093.00 pursuant to 42 U.S.C. §406(b) is granted.  The Commissioner is directed to release these funds.  In addition, I direct plaintiff's attorneys to return to plaintiff the $6,000.05 EAJA fees they were awarded within 14 days of their receipt of the §406(b) fee.

**SO ORDERED.**

Dated: February 5, 2021

       /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge